IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHELSIE NITSCHKE AND CYNTHIA GEORGE, § § § Plaintiffs, § § v. § § BERRY FARMS APT INVESTMENTS, § LP; DEANGELIS DIAMOND § CONSTRUCTION, LLC; AND BOYLE § INVESTMENT COMPANY, § § Defendants. § | Civil Action No.: 3:24-cv-00466 |

## DEFENDANTS BERRY FARMS APT INVESTMENTS, LP'S AND BOYLE INVESTMENT COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

**COME NOW** Defendants Berry Farms APT Investments, LP ("Berry Farms" or "Defendants") and Boyle Investment Company ("BIC" or "Defendants"), by and through their counsel of record, pursuant to the Federal Rules of Civil Procedure, and hereby submit their Answer to Plaintiffs' Complaint, and would state as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs lack standing to sue in this matter, including, but not limited to, standing to sue for removal of alleged barriers they did not encounter, alleged barriers that they encountered but did not cause them any injury in fact, and/or alleged barriers which were unrelated to their alleged disability.

### THIRD AFFIRMATIVE DEFENSE

Defendants deny that Plaintiffs have suffered any injury or damage and deny that they are entitled to recover in the manner or form of their prayer for relief or in any other manner or form to recover from Defendants any amounts or relief of any kind or nature whatsoever.

### FOURTH AFFIRMATIVE DEFENSE

Defendants assert all defenses available under Rules 8 and 12 of the Federal Rules of Civil Procedure.

### FIFTH AFFIRMATIVE DEFENSE

The claims made by Plaintiffs are barred by the applicable statute of limitation.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands, waiver, estoppel, and/or laches.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants deny that they have discriminated against the Plaintiffs in any of the ways alleged in the Complaint or that they have been aggrieved by any conduct whether by commission or omission of Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

At all times material and relevant to the allegations alleged in Plaintiffs' Complaint, Defendants operated in a reasonable, prudent manner in accordance with normal and standard industry practices for their operation and in compliance with any and all federal, state, and local laws, rules, and/or regulations.

## NINTH AFFIRMATIVE DEFENSE

In the event the Plaintiffs have failed to mitigate some or all of their alleged damages and/or injuries, Plaintiffs' Complaint should be dismissed or Plaintiffs' recovery, if any, should be reduced or barred accordingly.

## TENTH AFFIRMATIVE DEFENSE

Defendants have not violated any duty allegedly owed to the Plaintiffs in tort, contract, or under any statute, rule, regulation, or otherwise, and therefore, is not liable to Plaintiffs in the amount sued for or in any amount whatsoever.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed on the grounds that Defendants furnished all services in a good and workmanlike manner, consistent with industry standards.

## TWELFTH AFFIRMATIVE DEFENSE

Any relief sought by Plaintiffs must be reduced by their comparative fault or the fault of other third parties who provided labor, services, materials, and/or equipment to the subject project, including, but not limited to, Kimley-Horn and Associates, Inc.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because at no time did Defendants warrant the adequacy of the contract documents or the plans and specifications.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed to the extent Plaintiffs have failed to provide adequate notice of the alleged deficiencies and failing to give Defendants any reasonable opportunity to cure any alleged deficiencies prior to filing suit.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' demands are not readily achievable as that term is defined in Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iv).

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' demands are not readily achievable, not reasonable, not required, and/or not technically feasible under the ADA, and would create an undue hardship for Defendants, and may be prevented by architectural and other factors such as municipal building codes and/or ordinances.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint and the causes of action alleged therein are barred because the alleged violations are *de minimis* and non-actionable, as they do not materially impair Plaintiffs' use of the physical property for its intended purpose. Defendants assert that *de minimis* violations of federal regulations are not actionable or enjoinable.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The modifications demanded by Plaintiffs in this action constitute "fundamental alterations."

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed, in whole or in part, to the extent that any alleged violations are within recognized tolerances or variances and/or are in compliance with the oversight of all regulatory agencies.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed, in whole or in part, to the extent that local ordinances or laws prevent any modifications that may be sought without approval of appropriate regulatory and/or zoning boards.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to attorneys' fees under *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Resources*, 532 U.S. 598, 121 S. Ct. 1835 (2001).

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of mootness to the extent that the barriers alleged by Plaintiffs, if there were any, have been or will be remediated at the time this action is finally adjudicated.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants aver that the Complaint includes allegations of statutory violations for which there is no evidentiary support, including alleged conditions or barriers to accessibility which Plaintiffs could not and, in fact, did not personally observe.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants aver that the Complaint is wholly devoid of factual allegations as to how Plaintiffs allege that Defendants have violated FHA and/or the ADA and reserve the right to bring a Motion pursuant to Fed. R. Civ. P. 12(e) or otherwise to address Plaintiffs' deficient pleading of a cause of action against Defendants.

Now, in answer to the specifically enumerated paragraphs of Plaintiffs' Complaint, Defendants state as follows:

### I.
### INTRODUCTION

1. Paragraph 1 of the Complaint is Plaintiffs' statement of the statutory basis of this action and a description of the allegations of the lawsuit, and, as such, requires no response from Defendants. To the extent any response is required, Defendants deny that Plaintiffs have stated any colorable claim for relief in their Complaint and specifically deny that they violated the Fair

Housing Act, Title VII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619 (the "FHA").

2. Paragraph 2 of the Complaint is Plaintiffs' statement of the form of relief they seek, as well as the statutory basis for said relief, and as such, requires no response from Defendants. To the extent any response is required, Defendants deny that Plaintiffs have suffered any injury or stated any claim entitling them to any form of damages and deny that they are liable to Plaintiffs for any such relief whatsoever. Defendants further state that the cited statute speaks for itself. Defendants further expressly deny any and all additional allegations contained in Paragraph 2 of the Complaint and demand strict proof thereof.

3. Defendants admit the allegations of Paragraph 3 of the Complaint that Plaintiffs bring this action pursuant to the accessibility requirements for new multifamily construction contained in the FHA. Defendants further admit that portions of the Property, as defined in the Complaint, is a "multi-family dwelling" under the FHA. Defendants deny that the Property has "barriers to access" in any area and deny that Defendants designed the Property and that Defendants failed to construct the Property with accessible and usable features of accessibility as required by the FHA. Defendants further deny that Plaintiffs are entitled to any declaratory or injunctive relief based on the allegations in the Complaint. Defendants are without sufficient knowledge or information to either admit or deny the remaining allegations in Paragraph 3 of the Complaint, and therefore, these allegations are denied, and strict proof is demanded thereof.

4. Defendants deny the allegations in Paragraph 4 of the Complaint and strict proof is demanded thereof.

## II.
## JURISDICTION AND VENUE

5. In response to Paragraph 5 of the Complaint, Defendants admit that the Plaintiffs brought claims under various federal statutes. Defendants admit that this Court has subject matter jurisdiction over this Complaint, without admitting that Plaintiffs have stated any colorable claim for relief by this Complaint. Defendants specifically deny that they have violated any cited statutes, regulations, or rules or that they owe any duty to the Plaintiffs. Defendants further deny that the Plaintiffs have standing to bring this action, and that in the alternative, the action is moot. Defendants further deny that the Complaint pleads a basis for subject matter jurisdiction under 42 U.S.C. § 12188.

6. Defendants admit that they have done business in this judicial district but deny the remaining allegations in Paragraph 6 of the Complaint.

7. Defendants admit that venue is proper in this judicial district but deny the balance of the remaining allegations of Paragraph 7 of the Complaint.

### III.
### PARTIES

8. Paragraph 8 of the Complaint calls for legal conclusions or asserts questions of law for the Court to determine; therefore, no response is required. To the extent a response is required, Defendants admit that "handicap" is a protected class under the FHA. To the extent Paragraph 8 of the Complaint contains any factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of, and on that basis, deny all factual allegations in Paragraph 8 of the Complaint and demand strict proof thereof.

9. Paragraph 9 of the Complaint calls for legal conclusions or asserts questions of law for the Court to determine; therefore, no response is required. To the extent a response is required, Defendants admit that "handicap" is a protected class under the FHA. To the extent Paragraph 9 of the Complaint contains any factual allegations, Defendants are without knowledge or

information sufficient to form a belief as to the truth or falsity of, and on that basis, deny all factual allegations in Paragraph 9 of the Complaint and demand strict proof thereof.

10. Berry Farms admits that its entity status and principal office are identified correctly but denies that the registered agent for service of process is identified correctly. Berry Farms admits that it is the owner of the Property.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of, and on that basis, denies all factual allegations in Paragraph 11 of the Complaint and demands strict proof thereof.

12. BIC admits that its entity status and principal office are identified correctly but denies that the registered agent for service of process is identified correctly. BIC admits that it was the developer of the Property and participated in the design and construction of the Property.

## IV.
## STATUTORY BACKGROUND

**A.** **The FHA**

13. Paragraph 13 of the Complaint is Plaintiffs' restatement of the legislative history of the 1988 amendments to the FHA that added "handicap" as a protected class and mandated certain features of accessibility for people with disabilities to be included in all covered new multifamily residential design and construction. Thus, this paragraph calls for legal conclusions or asserts questions of law for the Court to determine; therefore, no response is required from Defendants. To the extent a response is required, Defendants deny that Plaintiffs have stated a colorable claim for relief in this Complaint. To the extent that Paragraph 13 of the Complaint contains any factual allegations, such allegations are denied, and strict proof is demanded thereof.

14. Paragraph 14 of the Complaint, including subparts (a) through (f), are Plaintiffs' restatement of the specific statutory requirements for accessibility of covered new multifamily

residential construction under the FHA, specifically 42 U.S.C. § 3604(f)(3)(C). Thus, this paragraph calls for legal conclusions or asserts questions of law for the Court to determine; therefore, no response is required. To the extent a response is required, Defendants deny that Plaintiffs have stated a colorable claim for relief in this Complaint. To the extent that Paragraph 14 contains any factual allegations, such allegations are denied, and strict proof is demanded thereof.

15. Paragraph 15 of the Complaint is Plaintiffs' further restatement of additional legislative history of the 1988 amendments to the FHA that added "handicap" as a protected class and mandated certain features of accessibility for people with disabilities to be included in all covered new multifamily residential design and construction. Thus, this paragraph calls for legal conclusions or asserts questions of law for the Court to determine; therefore, no response is required. To the extent a response is required, Defendants deny that Plaintiffs have stated a colorable claim for relief in this Complaint. To the extent that Paragraph 15 of the Complaint contains any factual allegations, such allegations are denied, and strict proof is demanded thereof.

16. Paragraph 16 of the Complaint is Plaintiffs' recitation of the United States Department of Housing and Urban Development's response to its statutory mandate "to provide technical assistance" to implement the provisions of the amended FHA. Thus, this paragraph calls for legal conclusions or asserts questions of law for the Court to determine; therefore, no response is required. To the extent a response is required, Defendants deny that Plaintiffs have stated a colorable claim for relief in this Complaint. To the extent that Paragraph 16 of the Complaint contains any factual allegations, such allegations are denied, and strict proof is demanded thereof.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

## V.
## FACTUAL BACKGROUND

A. **The "Property."**

   18. Admitted.

   19. Admitted.

   20. Admitted.

   21. Admitted.

B. **Plaintiffs' Visits to the Property.**

   22. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of, and on that basis, deny the allegations in Paragraph 22 of the Complaint that "Plaintiffs recently visited the Property" and demand strict proof thereof. Defendants deny that the Property has accessibility barriers that would interfere with the ability to access and use the residential facilities. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of, and on that basis, deny the remaining allegations in Paragraph 22 of the Complaint and demand strict proof thereof.

   23. Defendants deny the allegations in Paragraph 23 of the Complaint.

   24. Defendants deny the allegations in Paragraph 24 of the Complaint.

   25. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of, and on that basis, deny the allegations in Paragraph 25 of the Complaint and demand strict proof thereof.

   26. Defendants deny the allegations in Paragraph 26 of the Complaint.

   27. Defendants deny the allegations in Paragraph 27 of the Complaint.

   28. Defendants deny the allegations in Paragraph 28 of the Complaint.

   29. Defendants deny the allegations in Paragraph 29 of the Complaint.

   30. Defendants deny the allegations in Paragraph 30 of the Complaint.

C. **FHA Violations**

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint, including subparts (a) through (f).

33. Defendants deny the allegations in Paragraph 33 of the Complaint, including subparts (a) through (b).

34. Defendants deny the allegations in Paragraph 34 of the Complaint, including subpart (a).

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants incorporate the responses to the preceding paragraphs as if set forth verbatim herein.

37. Admitted.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Admitted.

40. Defendants deny the allegations in Paragraph 40 of the Complaint, including subparts (a) through (d).

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

## VII.
## PRAYER FOR RELIEF

42. Defendants specifically deny that the Plaintiffs are entitled to any of the relief sought in his "PRAYER FOR RELIEF" subsection of their Complaint, including subparts (a) through (h).

43. To the extent that Defendants have failed to respond to any of the separately numbered paragraphs of Plaintiffs' Complaint, such allegations are specifically denied, and strict proof is demanded thereof.

44. Defendants reserve the right to amend their Answer and plead additional defenses and to plead their defenses more specifically at the conclusion of their investigation and discovery in this matter.

**WHEREFORE, PREMISES CONSIDERED**, Defendants, in fully answering the Complaint against them, respectfully pray for relief as follows:

1. Plaintiffs take nothing by way of the Complaint;

2. Defendants be immediately dismissed with prejudice from this action;

3. The Complaint be dismissed with prejudice in its entirety;

4. Judgment be entered in favor of Defendants;

5. Defendants be granted their reasonable attorneys' fees, costs, including discretionary costs, and expenses; and

6. The Court award Defendants such other and further relief as it deems just and appropriate.

Respectfully submitted,

**EVANS │ PETREE PC**

/s/Brian L. Yoakum
Brian L. Yoakum (TN BPR No. 24811)
L. Clayton Culpepper III (TN BPR No. 23583)
John D. Willet (TN BPR 18958)
1715 Aaron Brenner Dr., Suite 800
Memphis, Tennessee 38120
Telephone: (901) 525-6781
byoakum@evanspetree.com
cculpepper@evanspetree.com
jwillet@evanspetree.com
*Attorneys for Defendants*
*Berry Farms APT Investments, LP and*
*Boyle Investment Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was delivered on the 6th day of June 2024, via the Court's ECF Filing System to the following:

Eric G. Calhoun
Calhoun & Associates
1595 N. Central Expressway
Richardson, TX 75080
eric@ecalhounlaw.com
*Attorney for Plaintiffs*

M. Todd Sandahl
Attorney at Law
234 First Avenue South
Franklin, TN 37064
tsandahl@mtslaw.com
*Attorney for Plaintiffs*

Charles K. Grant
Baker, Donelson, Bearman,
Caldwell & Berkowitz, PC
1600 West End Avenue, Ste. 2000
Nashville, TN 37203
cgrant@bakerdonelson.com
*Attorney for DeAngelis Diamond Construction, LLC*

Ashleigh Dyer
Baker, Donelson, Bearman,
Caldwell & Berkowitz, PC
1400 Village Square Blvd., Ste. 3-152
Tallahassee, FL 32312
ashleighdyer@bakerdonelson.com
*Attorney for DeAngelis Diamond Construction, LLC*

/s/Brian L. Yoakum
Certifying Attorney